IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:  BOSTON SCIENTIFIC CORP.
        PELVIC REPAIR SYSTEMS
        PRODUCT LIABILITY LITIGATION        MDL No. 2326

TO BE FILED IN LEAD CASE                    2:12-cv-08633
---------------------------------------------------------------

THIS DOCUMENT RELATES TO THE FOLLOWING CASES:

Case Nos.   *Canterbury v. Boston Scientific Corporation*, 2:12-cv-08633
            (Lead Case);
            *Hendricks, et al. v. Boston Scientific Corporation*, 2:13-cv-03633
            (Member Case);
            *Moore v. Boston Scientific Corporation*, 2:13-cv-08802
            (Member Case);
            *Tyree, et al. v. Boston Scientific Corporation*, 2:13-cv-14397
            (Member Case);
            *Campbell v. Boston Scientific Corporation*, 2:13-cv-18786
            (Member Case);
            *Blankenship v. Boston Scientific Corporation*, 2:13-cv-22906
            (Member Case);
            *Pugh, et al. v. Boston Scientific Corporation*, 2:14-cv-01565
            (Member Case);
            *Wilson v. Boston Scientific Corporation*, 2:14-cv-05475
            (Member Case).

## MEMORANDUM OPINION AND ORDER

Pending before the court is Boston Scientific's Motion to Compel Consolidated Obtryx Plaintiffs to Appear for Physical Examination. (ECF No. 121). Plaintiffs have responded in opposition to the motion, (ECF No. 140), and Boston Scientific has filed a reply memorandum. (ECF No. 151). For the reasons that follow, the court **GRANTS** the motion to compel and **ORDERS** Plaintiffs to make themselves available for examinations on dates and times to be arranged on or before **July 21, 2014**, and at

locations agreed upon by the parties. In addition, the court **ORDERS** Boston Scientific to provide, in writing, to Plaintiffs' counsel on or before **July 3, 2014** the proposed scope of the examination to be performed upon each Plaintiff, including any testing that the examining physician intends to order. Plaintiffs shall have until **noon** on **Tuesday, July 8, 2014** to notify the court of any objections to the proposed examination/testing. Counsel shall be available for a telephone conference on the afternoon of July 8 to resolve any outstanding issues regarding the scope of the examinations. If there are not objections to the proposed scope of the examinations, the parties shall so notify the court by noon on July 8, 2014 and shall provide the court with the parameters of the examinations, so that an order can issue setting forth the "the scope of the examination" and "the person who will perform it" on each Plaintiff. Once the parties have agreed to a time, place, manner, and condition, a notice shall be filed by Boston Scientific setting forth those details.

      Federal Rule of Civil Procedure 35 authorizes the court to order a party "whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." The order may only issue on good cause and adequate notice and "must specify the time, place, manner, condition, and scope of the examination, as well as the person or persons who will perform it." Fed.R.Civ.P. 35(a)(2). The law is well-settled that the "in controversy" and "good cause" requirements of the Rule are not mere formalities; rather, they must be met with "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder,* 379 U.S. 104, 118, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). Nonetheless, "there are situations where the pleadings alone are

2

sufficient to meet these requirements." *Id.* at 119. One such situation is a tort action in which a plaintiff asserts mental or physical injury, placing "that mental or physical injury clearly in controversy and [providing] the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.*

In the present case, Plaintiffs claim a number of physical injuries related to their use of pelvic mesh designed, developed, manufactured, and marketed by Boston Scientific, including pelvic pain, vaginal pain, urinary incontinence, infection and scarring, mesh erosion, and sexual dysfunction. All of the Plaintiffs have received some medical treatment for these conditions, and some of the Plaintiffs have been examined by expert witnesses specifically to provide opinions about the nature, extent, and cause of the injuries. Accordingly, Plaintiffs have placed their urogynecologic conditions squarely at issue, supplying good cause for Defendant to request independent medical examinations. Moreover, the plaintiffs that underwent examination by their own trial experts supplied additional grounds for Boston Scientific to obtain the opinions of its experts based upon their personal examinations of those plaintiffs. *See U.S. ex rel. Johnson v. Universal Health Services, Inc.,* No. 1:07-cv-0054, 2011 WL 2784616, at *1 (W.D.Va. July 13, 2011); *Simon v. Bellsouth Advertising and Pub. Corp.,* No. 3:09–CV–177–RJC–DCK, 2010 WL 1418322, at *4 (W.D.N.C. Apr. 1, 2010) (The need to counter plaintiff's expert constitutes good cause for an independent medical examination); *see also Tomlin v. Holecek,* 150 F.R.D. 628, 632 (D.Minn. 1993) (One purpose in allowing an examination under Rule 35 is to provide a "level playing field" in the parties' efforts to evaluate the plaintiff's condition). Without the opportunity to conduct independent medical examinations, Boston Scientific will be forced to offer a defense "limited to the mere cross-examining of evaluations offered by Plaintiff's experts." *Womack v. Stevens*

*Transport, Inc.,* 205 F.R.D. 445, 447 (E.D.Pa. 2001). Clearly, the drafters of Rule 35 sought to remedy such an inequity. Therefore, the undersigned finds that Defendant has established the "in controversy" requirement of Rule 35 and "good cause" for ordering Plaintiffs to submit to independent medical examinations.

Although the fundamental requirements for an order under Rule 35 are met, Plaintiffs object to the examinations on the ground that the physicians identified by Boston Scientific are not qualified to perform them. Rule 35 requires that a court-ordered examination be performed by a "suitably licensed or certified examiner." According to Plaintiffs, Boston Scientific's expert witnesses, Dr. Lonny Green of Virginia and Dr. Kelley Dopson of Georgia, do not meet this criteria because they are not licensed to practice medicine by the State of West Virginia,[1] where Boston Scientific initially proposed that the physicians would conduct the examinations. The parties disagree as to whether the physicians are permitted to perform independent medical examinations in West Virginia without a license in this State, and Plaintiffs insist that they cannot be ordered to travel to the physicians' offices in Atlanta, Georgia and Virginia to submit to examinations.

Frankly, the court finds it disappointing that Plaintiffs' counsel would make this argument given that Plaintiffs have traveled from West Virginia to San Francisco, Florida, and New York for medical examinations at their counsel's behest. If Boston Scientific's examinations cannot legally be performed in West Virginia, then they can be performed at the physicians' offices, and the Plaintiffs can be ordered to attend the examinations in Virginia and Georgia at the Defendant's expense. Defendant has the

---

[1] Both physicians are otherwise licensed to practice medicine in their respective States, and no other challenges to their credentials have been raised by Plaintiffs.

4

right to have the examinations performed by expert witnesses of its choosing, as long as the circumstances surrounding the examinations are not unreasonable. Neither Atlanta, nor Virginia is any further away from West Virginia than the testing sites selected by Plaintiffs' counsel. In addition, nothing in the record before the court suggests that any of the plaintiffs is physically unable, or otherwise incapable, of making the trip for an examination. Certainly, if specific reasons exist to accommodate a particular Plaintiff, those reasons should be made clear to the court. Otherwise, the undersigned finds no merit to this argument.

Finally, Plaintiffs contend that Boston Scientific failed to timely seek independent medical examinations, and its motion is likewise untimely. The court disagrees. Boston Scientific learned between April 22 and May 12, 2014 that various plaintiffs had undergone medical examinations by their expert witnesses. During this time frame and beyond, Boston Scientific deposed the plaintiffs, and the depositions of the implanting physicians were also in progress. On May 23, 2014, ten days before the deadline for submitting expert reports, Boston Scientific requested independent medical examinations of the plaintiffs. The examinations were arranged so that they could be completed on or before the report deadline. The parties could not agree to the taking of the examinations. Therefore, Boston Scientific filed the motion herein.

In support of their position, Plaintiffs rely upon *Shumaker v. West,* 196 F.R.D. 454 (S.D.W.Va. 2000), a case in which the court found that the defendant's motion requesting a Rule 35 independent medical examination filed six days before the deadline for expert reports was untimely. However, *Shumaker* is distinguishable from the instant matter largely because Dr. Manges, the expert identified to perform the examination in Shumaker, had not even been contacted by the defendant when he

5

decided that an independent medical examination was necessary. Although the defendant knew expert reports were due on September 5, 2000, and he considered an independent medical examination as early as July 17, 2000, defendant did not request an examination until August 22, 2000, or move for an examination on August 31, 2000. On September 6, 2000, the defendant served his expert disclosures, naming Dr. Manges as an expert, but did not attach any report prepared by Dr. Manges. Plaintiff argued that the defendant's motion under Rule 35 was nothing more than an end run around the expert disclosure deadline.

In these cases, Boston Scientific offered dates for the examinations within the time frame allotted for expert disclosures and conceivably could have submitted reports of the examinations on time. Moreover, Boston Scientific served Plaintiffs with the remainder of the expert reports prepared by Drs. Green and Dopson on the date that disclosures were due. Therefore, many of the core expert opinions are already in Plaintiffs' possession. Finally, Plaintiffs can show no prejudice from the delay as they still have sufficient time to depose the expert witnesses regarding their reports and examinations before the close of expert discovery. Thus, in the particular circumstances present here, Defendant's motion is not untimely.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** July 1, 2014

_____
Cheryl A. Eifert
United States Magistrate Judge