IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JACQUELYN TYREE, et al.,

            Plaintiffs,

v.                                               CIVIL ACTION NO.  2:12-cv-08633

BOSTON SCIENTIFIC CORPORATION,

            Defendant.

**MEMORANDUM OPINION AND ORDER**
**(Defendant's Motion *in Limine* re: MSDS)**

Pending before the court is Boston Scientific Corporation's ("BSC") Motion *in Limine* to Preclude Evidence Concerning Material Safety Data Sheets ("MSDS") [Docket 374]. For the reasons discussed below, BSC's Motion *in Limine* is **DENIED**.

**I.      Background**

This consolidated case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are over 60,000 cases currently pending, over 13,000 of which are in the Boston Scientific Corporation MDL, MDL 2326. In this particular case, the four consolidated plaintiffs were surgically implanted with the Obtryx Transobturator Mid-Urethral Sling System ("the Obtryx"), a mesh product manufactured by BSC. (*See* Pretrial Order # 78 [Docket 9], at 1–2).[1] All of the plaintiffs received their surgeries in West

---

[1] I originally consolidated eleven plaintiffs implanted with the Obtryx. (*See* Pretrial Order #78 [Docket 9], at 1 (naming Canterbury, Billings, Sexton, Hendricks, Moore, Tyree, Campbell, Blankenship, Pugh, Workman, and

Virginia. They claim that as a result of implantation of the Obtryx, they have experienced "erosion, mesh contraction, infection, fistula, inflammation, scar tissue, organ perforation, dyspareunia (pain during sexual intercourse), blood loss, neuropathic and other acute and chronic nerve damage and pain, pudendal nerve damage, pelvic floor damage, and chronic pelvic pain." (*Id.* at 4 (quoting the master complaint)). The plaintiffs allege negligence; strict liability for design defect; strict liability for manufacturing defect; strict liability for failure to warn; breach of express warranty; breach of implied warranty; and punitive damages. (*Id.* at 2). One plaintiff (Ms. Tyree) has also alleged loss of consortium. (*Id.*). The instant Motion *in Limine* involves BSC's efforts to exclude or limit certain evidence, arguments, and testimony at trial.

## II. Discussion

BSC seeks to preclude any evidence concerning the Phillips Sumika MSDS, specifically the Marlex Polypropylene MSDS containing a Medical Application Caution ("the Caution"). (BSC's Mem. in Supp. of Its Initial Mots. *in Limine* ("BSC's Mem. Supp.") [Docket 375], at 4). BSC argues that the MSDS is irrelevant, misleading to the jury, unfairly prejudicial, and would result in an undue delay and waste of time. (*Id.*).

I find BSC's arguments wholly unconvincing. First, BSC contends that the plaintiffs should be precluded from offering any evidence related to the MSDS because such evidence is irrelevant to the plaintiffs' claims and will mislead the jury. (*Id.* at 4). BSC bases this contention on the deposition testimony of Frank Zakrewski, corporate representative for Chevron Phillips Chemical Company. (*See id.* at 4-5).

---

Wilson as consolidated plaintiffs). Four plaintiffs now remain in this action. (*See* Pretrial Order #94 [Docket 67], at 1 (removing *Sexton* case from the consolidated West Virginia cases); Stipulation of Dismissal [Docket 104] (dismissing the claims of Donna Billings with prejudice); Order Dismissing Canterbury Plaintiff [Docket 107], at 1 (dismissing the claims of Karen Canterbury with prejudice); Stipulation of Dismissal [Docket 123] (dismissing the claims of Neasha Workman with prejudice); Stipulation of Dismissal With Prejudice[Docket 426] (dismissing with prejudice the claims of Sharon Pugh, et al.); Stipulation of Dismissal With Prejudice [Docket 433] (dismissing plaintiff Tammy Hendricks with prejudice); Stipulation of Dismissal With Prejudice [Docket 427] (dismissing plaintiff Dreama Moore with prejudice)).

I have previously determined that evidence or argument as to the methods by which BSC acquired polypropylene resin is relevant to both the plaintiffs' substantive claims and claims for punitive damages. *See Sanchez, et al. v. Boston Scientific Corp.*, No. 2:12-cv-05762, 2014 WL 4059214, at *13 (S.D. W. Va. Aug. 18, 2014) ("A reasonable jury could find that by ignoring a warning on the MSDS and failing to conduct clinical testing, BSC's actions were despicable conduct with willful and conscious disregard of the safety of consumers."); *see also In re C. R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187, 2013 WL 3282926, at *3 (S.D. W. Va. June 27, 2013) (denying Bard's motion *in limine* seeking to preclude evidence concerning the same MSDS). The MSDS served as a notification to BSC of the manufacturer's concerns about the safety of its product for permanent implantation in the human body. Furthermore, the Caution in the MSDS is pertinent to BSC's knowledge of potential safety concerns in its final product.

BSC attempts to bolster its argument by relying on a deposition that is both vague and unclear. BSC contends that Mr. Zakrzewski unequivocally states that the Caution was not added based on any scientific concerns. However, BSC's particular reading of Mr. Zakrzewski's testimony is not an accurate reflection of his opinions. Mr. Zakrzewski clearly indicates he has no knowledge of who wrote the MSDS or why it was written. (*See* Zakrzewski Dep. [Docket 374-4], at 45 ("A: I would say that legal had some input into the MSDS, but I don't know that for certain because I didn't write it. Q: Do you know who wrote the MSDS? A: I do not."). BSC improperly conflates Mr. Zakrzewski's lack of knowledge regarding scientific testing with a conclusive determination. I have made it clear in this MDL that I find the MSDS to be sufficiently relevant, and BSC's arguments do not change my mind. Accordingly, BSC's Motion *in Limine* on this issue is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                          ENTER:      October 17, 2014

                          JOSEPH R. GOODWIN
                          UNITED STATES DISTRICT JUDGE