# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP.,
PELVIC REPAIR SYSTEMS MDL NO. 2326
PRODUCTS LIABILITY LITIGATION

---

TO BE FILED IN LEAD CASE:                          2:12-cv-08633

---

**THIS DOCUMENT RELATES TO THE FOLLOWING CASES:**

| | |
|---|---|
| *Tyree v. Boston Scientific Corp.,* | 2:13-cv-14397; |
| *Campbell v. Boston Scientific Corp.,* | 2:13-cv-18786; |
| *Blankenship v. Boston Scientific Corp.,* | 2:13-cv-22906; and |
| *Wilson v. Boston Scientific Corp.,* | 2:14-cv-05475. |

## PLAINTIFFS' REQUESTS TO CHARGE

In addition to the Court's standard prefatory remarks and general instructions, and before the Court has submitted its instructions to the jury, Plaintiffs Jeanie Blankenship, Jacquelyn Tyree, Carol Campbell, and Chris Rene Wilson ("Plaintiffs") respectfully request that the Court give the following instructions to the jury in connection with the claims asserted against Defendant Boston Scientific Corporation ("Boston Scientific"). Plaintiffs' request for these instructions are made severally and as a whole.

Plaintiffs show that these instructions relate to principles of law applicable to the evidence that will be introduced into this case. Plaintiffs reserve the right to submit additional requests depending on the evidence admitted at the trial of this case and the issues finally submitted for jury determination.

<u>Dated</u>: October 20, 2014.          By:      /s/ *Clayton A. Clark*
Clayton A. Clark
Co-Lead Counsel for Plaintiffs in
MDL No. 2326
cclark@triallawfirm.com

Scott A. Love
slove@triallawfirm.com

**CLARK, LOVE & HUTSON, GP**
440 Louisiana St., Ste. 1600
Houston, Texas 77002
Telephone (713) 757-1400
Facsimile  (713) 759-1217

By:      /s/ *Aimee Wagstaff*
Aimee Wagstaff
Co-Lead Counsel for Plaintiffs in
MDL No. 2326
aimee.wagstaff@andruswagstaff.com

**ANDRUS WAGSTAFF, P.C.**
7171 W. Alaska Drive
Lakewood, Colorado 80226
Telephone:  (303) 376-6360
Facsimile: (303) 376-6361

## <u>GENERAL INTRODUCTION</u>

Ladies and gentlemen, now that you have heard the evidence, it is my duty to instruct you on the law. These final instructions – combined with instructions that I gave you during the trial – a must guide you in your deliberations.

These final instructions will be divided into three parts: first, general instructions on your duties as jurors; second, a statement of the rules of law that you must apply; and third, guidelines for your deliberations and return of a verdict.

**A.      GENERAL INSTRUCTIONS**

**PLAINTIFFS' REQUEST TO CHARGE NO. 1**

<u>JUDGE OF FACTS</u>

You are the judges of the facts. You must apply the facts as you find them to the law as I will give it to you in these instructions and in later instructions. You must decide this case based solely on the facts as you find them and the law as I give it to you.[1]

---

[1] Final Instructions, *Cisson v. C.R. Bard, Inc.*, No. 2:11-cv-00195 (S.D.W. Va. Aug. 14, 2013), ECF No. 399.

## PLAINTIFFS' REQUEST TO CHARGE NO. 2

### REFERENCE TO INSTRUCTIONS IN CLOSING ARGUMENT

The attorneys may refer to my instructions in their closing argument. If you believe that there is any difference between the law as stated by an attorney and the law as stated by me, you of course should rely upon the law as stated by me.[1]

---

[1] Final Instructions, *Cisson v. C.R. Bard, Inc.*, No. 2:11-cv-00195 (S.D.W. Va. Aug. 14, 2013), ECF No. 399.

## PLAINTIFFS' REQUEST TO CHARGE NO. 3

<u>EVIDENCE</u>

You must base your verdict solely upon the evidence presented in this case. The evidence consists of the sworn testimony of the witnesses, the exhibits, stipulations, and those matters of which I take judicial notice.

*Stipulations*. When the parties stipulate or agree that a fact is true, you should consider the fact to be true.[1]

---

[1] Final Instructions, *Cisson v. C.R. Bard, Inc.*, No. 2:11-cv-00195 (S.D.W. Va. Aug. 14, 2013), ECF No. 399.

## PLAINTIFFS' REQUEST TO CHARGE NO. 4

### NOT EVIDENCE

The following are not evidence: my statements and rulings; the attorney's statements, arguments, questions, and objections; and any evidence that I ordered stricken or told you to disregard.

*Objections*. If I sustained an objection to a question, you must disregard the question. If I sustained an objection to an answer, you must disregard the answer. If I overruled an objection, you must treat the question and answer like any other.

*Charts or Summaries*. The parties have used drawings, charts, summaries and other demonstrative aids to help explain the evidence. These are not evidence. If you find a demonstrative aid does not accurately summarize the evidence, you should disregard it.

*Sympathy or Prejudice*. In arriving at your verdict, the law does not permit you to be governed by sympathy or prejudice for or against either party. You may not, therefore, base your verdict in this case upon sympathy for or prejudice against either party. On the contrary, your verdict must be supported by the evidence and based upon the law as given you in charges by the court.[1]


[REMOVE AS PER SAL]

---

[1] Final Instructions, *Cisson v. C.R. Bard, Inc.*, No. 2:11-cv-00195 (S.D.W. Va. Aug. 14, 2013), ECF No. 399.

## PLAINTIFFS' REQUEST TO CHARGE NO. 5

### CONSIDERATION OF EVIDENCE

You should consider the evidence in the same way that you would consider evidence when making any important decision. Feel free to use common sense. Feel free to draw reasonable conclusions based on your common experience.

*Credibility*. Carefully consider each witness's testimony and whether it is worthy of belief. Feel free to consider each witness's ability to observe the matters testified about; each witness's demeanor, state of mind, motive, and intelligence; the effect of the verdict on each witness; and whether the testimony of each witness is consistent or inconsistent with other evidence.

*False Testimony / Inconsistencies*. You may reject all or part of a witness's testimony because you believe he or she testified falsely on an important matter or because of inconsistencies, discrepancies, contradictory evidence, or evidence that the witness has made statements that are inconsistent with his or her trial testimony. Remember, however, that two or more persons witnessing an incident may see or hear it differently and that an innocent mistake in remembering is not an uncommon experience.

*Circumstantial Evidence*. Some of you have probably heard the terms "direct evidence" and "circumstantial evidence." Do not be concerned about the difference between these types of evidence. Give all evidence, direct and circumstantial, the weight you believe it deserves.[1]

---

[1] Final Instructions, *Cisson v. C.R. Bard, Inc.*, No. 2:11-cv-00195 (S.D.W. Va. Aug. 14, 2013), ECF No. 399.

## PLAINTIFFS' REQUEST TO CHARGE NO. 6

### MISCELLANEOUS WITNESSES

*Deposition Testimony*. Some witnesses testified by way of video deposition. You must evaluate their testimony the same way that you evaluate the testimony of other witnesses and give their testimony the same weight you give the testimony of those witnesses who testify live.

*Expert as Witness*. Unlike other witnesses, expert witnesses generally are allowed to offer their opinions concerning technical matters. Merely because an expert witness has expressed an opinion does not mean that you must accept that opinion.

You should consider each expert opinion received and give it such weight as you think it deserves. You should consider the same issues you would consider in evaluating the testimony of any witness, including their education and experience, the basis for their opinions, other evidence admitted - including the opinions of other experts, their demeanor, their bias – and anything else that you find relevant. If you should conclude that these factors outweigh the testimony, you may disregard it or give it such weight as you find it deserves. You are the sole judges of facts in this case. [1]

---

[1] Final Instructions, *Cisson v. C.R. Bard, Inc.*, No. 2:11-cv-00195 (S.D.W. Va. Aug. 14, 2013), ECF No. 399.

## PLAINTIFFS' REQUEST TO CHARGE NO. 7

### CORPORATION AS PARTY

You must consider this case as a lawsuit between persons of equal worth and equal standing in the community, and between persons holding the same or similar positions in life.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation, such as Boston Scientific, is regarded as a person in this instance. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company. As a result, agents or employees of a company may bind the company by their acts and declarations as long as they are made while acting within the scope of the authority delegated by the company or within the scope of their duties as employees of the company.[1]

---

[1] Final Instructions, *Cisson v. C.R. Bard, Inc.*, No. 2:11-cv-00195 (S.D.W. Va. Aug. 14, 2013), ECF No. 399.

## PLAINTIFFS' REQUEST TO CHARGE NO. 8

### REDACTIONS AND CONFIDENTIALITY DESIGNATIONS

In the exhibits that were admitted as evidence or discussed at trial, certain irrelevant information may have been redacted or blacked-out, with the Court's permission. The fact that an exhibit was redacted should not be factored into your deliberations and you should draw no inference or assumption as to why a document was redacted or blacked out.

In addition, some documents that have been received into evidence in these cases bear a confidentiality designation. The confidentiality designation is indicated by the word "confidential" or similar words appearing on the document. These designations are made by prior agreement of the parties during a pretrial exchange of documents in order to keep confidential certain materials that are considered private or proprietary. These designations were not made when the document was first created. You are not to draw any inferences from the fact that a document bears a confidentiality designation.[1]

---

[1] Final Instructions, *Cisson v. C.R. Bard, Inc.*, No. 2:11-cv-00195 (S.D.W. Va. Aug. 14, 2013), ECF No. 399.

## PLAINTIFFS' REQUEST TO CHARGE NO. 9

### BURDEN OF PROOF

*Standard of Proof.* A plaintiff must prove every essential element in connection with each cause of action by a preponderance of the evidence, not beyond a reasonable doubt. If a plaintiff fails to prove any essential element of a cause of action by a preponderance of the evidence, you should return a verdict in favor of the defendant in connection with that cause of action.

*Meaning of "Preponderance of the Evidence."* To prove something by a "preponderance of the evidence" means to prove that something is more likely true than not true. If a plaintiff proves that something is more likely true than not true, the plaintiff has proven that thing by a preponderance of the evidence. If the evidence is evenly divided or tilts in favor of a defendant, a plaintiff has not proven that thing by a preponderance of the evidence.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and defense separately, but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. [1]

*General Causation.* General causation involves whether a product is capable of causing a particular injury or condition in the general population. A plaintiff must prove general causation by a preponderance of the evidence. [2]

*Specific Causation.* Specific causation involves whether a substance caused a particular individual's injury. A plaintiff must prove specific causation by a preponderance of the evidence. [1]

---

[1] Final Instructions, *Cisson v. C.R. Bard, Inc.*, No. 2:11-cv-00195 (S.D.W. Va. Aug. 14, 2013), ECF No. 399.
[2] *Bourne ex rel. Bourne v. E.I. Dupont de Nemours & Co.*, 189 F. Supp. 2d 482, 485 (S.D.W. Va. 2002).

*Proximate Causation*. A proximate cause of an injury is the last act or omission that contributed to the injury and without which the injury would not have occurred. In other words, proximate cause is a cause which, in an actual and continuous sequence unbroken by any independent cause, produces the injury complained of and without which the wrong would not have occurred.

The law does not recognize only one proximate cause of an injury or damage. On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage; and in such case each may be a proximate cause. To constitute a proximate cause, the cause need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause, and the two acting in combination, bring about the injury. Where separate and distinct negligent acts or omissions of two or more persons continue unbroken to the instant of an injury, both of which directly and immediately contribute to the injury, each act is a sole proximate cause of the injury. To be a concurrent cause, however, each cause must in and of itself be a substantial factor in bringing about the harm.

A defendant may be held liable for an injury when that person commits a negligent act that puts other forces in motion or operation that results in the injury when such other forces are a reasonably foreseeable result of the defendant's act. In other words, a defendant's act or omission is a proximate cause of all injuries that may occur in the ordinary course of events, even those immediately and directly brought about by an intervening cause if the intervening cause was set in motion or made probable by the defendant's original act or omission. When the injuries could not reasonably have been foreseen as the result of the original negligent act, then

---

[1] *Bourne ex rel. Bourne v. E.I. Dupont de Nemours & Co.*, 189 F. Supp. 2d 482, 485 (S.D.W. Va. 2002).

13

there can be no recovery. If the chain reaction that resulted from the defendant's alleged negligence, if any, meets the above tests, then the plaintiff may recover.[1]

*Preexisting Injury.* Plaintiffs may not recover for injuries or disabilities which are not connected with the act or omissions of Boston Scientific in this case. There can be no recovery for Plaintiffs for any injuries or disabilities which were not proximately caused by the product in question. However, if you find that the Plaintiffs had a condition before being implanted with the Obtryx that was aggravated or became more severe or difficult to treat as a result of the Obtryx, the Plaintiffs can still recover for the aggravation and for the increased severity or difficulty of treatment. But, the Plaintiffs are not entitled to recover for the pre-existing condition.

In addition, Boston Scientific must take the Plaintiffs in the condition they found them. That means Boston Scientific has no excuse to wrongly injure or harm someone and then claim that the injuries or harm to the person would not have happened if that person had been physically or mentally stronger. In other words, you may not take into consideration that any such injury or damage may not have happened to a different person.[2]

---

[1] *Community Antenna Service, Inc. v. Charter Communications VI, LLC*, 712 S.E.2d 504 (W. Va. 2011);
*Spencer v. McClure*, 618 S.E.2d 451 (W. Va. 2005);
*Wilkinson v. Duff*, 575 S.E.2d 335 (W. Va. 2002);
*Hudnall v. Mate Creek Trucking Inc.*, 490 S.E.2d 56 (W. Va. 1997);
*Wehner v. Weinstein*, 444 S.E.2d 27 (W. Va. 1994);
*Anderson v. Moulder*, 394 S.E.2d 61 (W. Va. 1990);
*Everly v. Columbia Gas of West Virginia, Inc.*, 301 S.E.2d 165 (W. Va. 1982);
*Evans v. Farmer*, 133 S.E.2d 710 (W. Va. 1963).
[2] Final Instructions, *Cisson v. C.R. Bard, Inc.*, No. 2:11-cv-00195 (S.D.W. Va. Aug. 14, 2013), ECF No. 399;
*Reynolds v. City Hosp., Inc.*, 529 S.E.2d 341 (W. Va. 2000);
*Howe v. Thompson*, 412 S.E.2d 212 (W. Va. 1991);
*Shia v. Chvasta*, 377 S.E.2d 644 (W. Va. 1988).

## B.  THE LAW

The Plaintiffs allege claims of strict liability and negligence. Boston Scientific denies these claims.

## PLAINTIFFS' REQUEST TO CHARGE NO. 10

### STRICT PRODUCT LIABILITY – GENERAL EXPLANATION

Plaintiffs contend that Boston Scientific is liable because Boston Scientific manufactured a defective product. Under strict liability law in West Virginia, a person claiming injury from a product does not need to prove that the manufacturer did anything wrong in order to be entitled to recover for her injury. Strict liability in tort is designed to relieve the plaintiff from proving that the manufacturer was negligent in some particular fashion during the manufacturing process and to permit the plaintiff to prove the defective condition of the product as the principal basis of liability.

To recover damages under this rule, the Plaintiffs must prove four (4) elements:

(1)     Boston Scientific designed, manufactured, and/or distributed the Obtryx device;

(2)     the Obtryx device was defective;

(3)     the defect existed at the time Boston Scientific sold or placed the Obtryx into the stream of commerce; and

(4)     the defect in the Obtryx was the proximate cause of the Plaintiffs' injuries and damages.

Under West Virginia's strict liability law, once the Plaintiffs prove that Boston Scientific made, sold, or distributed a defective product that proximately caused the plaintiff's injuries, they are entitled to recovery. In other words, Plaintiffs do not have to prove that the defect resulted from Boston Scientific's negligence.[1]

---

[1] *King v. Kayak Mfg. Corp.*, 387 S.E.2d 511 (W. Va. 1989);
*Church v. Wesson*, 385 S.E.2d 393 (W. Va. 1989);
*Ilosky v. Michelin Tire Corp.*, 307 S.E.2d 603 (W. Va. 1983);
*Star Furniture Co. v. Pulaski Furniture Co.*, 297 S.E.2d 854, 856 (W. Va. 1982);
*Morningstar v. Black & Decker Mfg. Co.*, 253 S.E.2d 666 (W. Va. 1979).

## PLAINTIFFS' REQUEST TO CHARGE NO. 11

### STRICT PRODUCT LIABILITY – DEFINITION OF DEFECT

A product is defective if the product was not "reasonably safe" for its "intended use." To determine whether or not the product was "reasonably safe," you must determine what a reasonably prudent manufacturer's standards should have been at the time the product was made. A product is not reasonably safe if the product falls below the safety standards of a reasonably prudent manufacturer. You may infer a breach of the standard of "reasonably safe" if the Plaintiffs proved that the injury simply would not have occurred unless the product was defective. The "intended use" of a product includes all those uses a reasonably prudent person might make of the product, considering its characteristics, warnings, and labels.

Whether or not a product is defective is a question of fact to be determined by you, the jury, in each case, based on the instruction that I will give you.[1]

---

[1] *Beatty v. Ford Motor Co.*, 574 S.E.2d 803 (W. Va. 2002);
*King v. Kayak Mfg. Corp.*, 387 S.E.2d 511 (W. Va. 1989);
*Church v. Wesson*, 385 S.E.2d 393 (W. Va. 1989);
*Ilosky v. Michelin Tire Corp.*, 307 S.E.2d 603 (W. Va. 1983);
*Star Furniture Co. v. Pulaski Furniture Co.*, 297 S.E.2d 854, 856 (W. Va. 1982);
*Morningstar v. Black & Decker Mfg. Co.*, 253 S.E.2d 666 (W. Va. 1979).

## PLAINTIFFS' REQUEST TO CHARGE NO. 12

### STRICT PRODUCT LIABILITY – TYPES OF DEFECTS

West Virginia recognizes three types of defects in a product: (1) a design defect; (2) a structural defect; or (3) a use defect that arises out of the lack or inadequacy of warnings, instructions, or labels. For our purposes, I will refer to the third category as a warning defect. These categories are not mutually exclusive, meaning a product could contain more than one type of defect.[1]

In this case, the Plaintiffs allege Boston Scientific's Obtryx product contains two types of defects: (1) a design defect; and (2) a warning defect.

---

[1] *King v. Kayak Mfg. Corp.*, 387 S.E.2d 511 (W. Va. 1989);
*Church v. Wesson*, 385 S.E.2d 393 (W. Va. 1989);
*Ilosky v. Michelin Tire Corp.*, 307 S.E.2d 603 (W. Va. 1983);
*Star Furniture Co. v. Pulaski Furniture Co.*, 297 S.E.2d 854 (W. Va. 1982);
*Morningstar v. Black & Decker Mfg. Co.*, 253 S.E.2d 666 (W. Va. 1979).

**PLAINTIFFS' REQUEST TO CHARGE NO. 13**

STRICT PRODUCT LIABILITY & NEGLIGENCE – CIRCUMSTANTIAL PROOF OF A
DEFECT OR NEGLIGENCE

The Plaintiffs can prove a defect in the Obtryx with direct evidence or circumstantial evidence. The Plaintiffs are not required to establish a strict products liability cause of action by identifying the specific defect that caused the loss. Instead, you, as the jury, may infer the existence of a defect by circumstantial evidence.

Circumstantial evidence of a defect in a product exists if the evidence shows that a malfunction in the product occurred that would not ordinarily happen in the absence of a defect. A malfunction in the product occurs if the product failed to function as it was intended during normal use. If a defect is proven with circumstantial evidence, the plaintiff must also prove that there was neither abnormal use of the product nor a reasonable secondary cause for the malfunction. The Plaintiffs are not required to eliminate with certainty all other possible causes of the accident. Rather, all the Plaintiffs must show is that a defect was more likely than not the cause of the alleged malfunction in the Obtryx.

This same principle applies to the Plaintiffs' negligence claims, but the focus shifts from the product to Boston Scientific's conduct. In West Virginia, the Plaintiffs' can prove negligence with circumstantial evidence. A plaintiff relying on circumstantial evidence to establish that a defendant's conduct caused a harm is not required to exclude every possible cause. Rather, all the Plaintiffs must show is that Boston Scientific's conduct was more likely than not the cause of the Plaintiffs' harm.[1]

---

[1] *Cmty. Antenna Serv., Inc. v. Charter Commc'ns VI, LLC*, 712 S.E.2d 504 (W. Va. 2011);
*Bennett v. Asco Services, Inc.* 621 S.E.2d 710 (W. Va. 2005);
*Beatty v. Ford Motor Co.*, 574 S.E.2d 803 (W. Va. 2002);
*Anderson v. Chrysler*, 403 S.E.2d 189 (W. Va. 1991).

## PLAINTIFFS' REQUEST TO CHARGE NO. 14

### NEGLIGENCE – GENERAL EXPLANATION

In addition to claims of strict liability, Plaintiffs allege negligence claims against Boston Scientific. Boston Scientific denies these claims.

Negligence is doing something a reasonably prudent person would not do in the same or similar circumstances, or the failing or refusing to do something a reasonably prudent person would have done in the same, or similar circumstance. Negligence cannot be presumed, but must be proven.

Negligence as a cause of action is distinct from the cause of action covered by the term strict liability in tort. Strict liability in tort is designed to relieve the plaintiff from proving that the manufacturer was negligent in some particular fashion during the manufacturing process and to permit proof of the defective condition of the product as the principal basis of liability. Instead of focusing on the product, this cause of action, negligence, focuses on the conduct of defendants, like Boston Scientific, in manufacturing products.

Since a corporation can act only through its officers, or employees, or other agents, the burden is on the Plaintiffs to establish by a preponderance of the evidence that one or more of the officers, or employees, or other agents, of Boston Scientific was a proximate cause of any injuries and consequent damages sustained by the plaintiffs. Any negligent act or omission of an officer, or employee, or other agent of a corporation, in the performance of that person's duties, is held in law to be the corporation's negligence.[1]

---

[1] *Ilosky v. Michelin Tire Corp.*, 307 S.E.2d 603, 613 (W. Va. 1983);
*Morningstar v. Black & Decker Mfg. Co.*, 253 S.E.2d 666 (W. Va. 1979).
*McMillen v. Dettore*, 242 S.E.2d 459 (W. Va. 1978);
FED. JURY PRAC. & INSTR. § 120:51 (6th ed.).

20

## PLAINTIFFS' REQUEST TO CHARGE NO. 15

### STRICT PRODUCT LIABILITY – DESIGN DEFECT

The Plaintiffs claim that they were harmed by the Obtryx device that Boston Scientific manufactured and sold because of a defect in the design of the Obtryx.

A product may be found to have a defect because of its particular design. In order to prove this claim, the Plaintiffs must prove the following four elements by a preponderance of the evidence:

    (1)    Boston Scientific designed, manufactured, and/or distributed the Obtryx device;

    (2)    the design of the Obtryx device was not reasonably safe for its intended use;

    (3)    the defect existed at the time Boston Scientific sold or placed the Obtryx into the stream of commerce; and

    (4)    the defect in the Obtryx was the proximate cause of the Plaintiffs' injuries and damages.

In determining whether the Obtryx was or was not "reasonably safe," you, as the jury, must judge the Obtryx's design against a reasonably prudent manufacturer's standards at the time the product was made. In considering the reasonably prudent manufacturers standards, you may take account of the general state of the art of the manufacturing process, including design, labels and warnings, as it relates to economic costs, at the time the product was made. You may also consider the risks versus the benefits of the products involved.

You may infer a breach of the standard of "reasonably safe" where if the Plaintiffs proved that an accident simply would not have occurred unless the product was defective.

If you determine the Obtryx's design fell below what a reasonably prudent manufacturer's standards should have been at the time the product was made, the Obtryx was defective in design. If you determine the Obtryx's design conformed with a reasonably prudent

manufacturer's standards at the time the product was made, the Obtryx is not defective in design.[1]

---

[1] *Beatty v. Ford Motor Co.*, 574 S.E.2d 803 (W. Va. 2002);
*King v. Kayak Mfg. Corp.*, 387 S.E.2d 511 (W. Va. 1989);
*Church v. Wesson*, 385 S.E.2d 393 (W. Va. 1989);
*Ilosky v. Michelin Tire Corp.*, 307 S.E.2d 603 (W. Va. 1983);
*Star Furniture Co. v. Pulaski Furniture Co.*, 297 S.E.2d 854 (W. Va. 1982);
*Morningstar v. Black & Decker Mfg. Co.*, 253 S.E.2d 666 (W. Va. 1979).

## PLAINTIFFS' REQUEST TO CHARGE NO. 16

### NEGLIGENCE – DESIGN DEFECT

The Plaintiffs claim that they were harmed by the Obtryx device that Boston Scientific manufactured and sold because Boston Scientific was negligent in designing the Obtryx. In order to prove this claim, the Plaintiffs must demonstrate the following four elements by a preponderance of the evidence:

(1)     Boston Scientific had a duty to exercise ordinary care in the design of the Obtryx that was implanted in Plaintiffs in order to ensure that it was  reasonably safe for its intended use;

(2)     Boston Scientific breached that duty;

(3)     the failure to exercise ordinary care in the design of the Obtryx, in order to ensure the Obtryx was reasonably safe for its intended use, was a proximate cause of the Plaintiffs' injuries; and

(4)     the Obtryx caused the Plaintiffs' damages.

You need not be concerned with making a finding as to the first element because the court has determined as a matter of law that the duty exists. You must, however, make a determination as to the remaining three elements, including whether Boston Scientific breached the duty I just mentioned.[1]

---

[1] *Ilosky v. Michelin Tire Corp.*, 307 S.E.2d 603, 613 (W. Va. 1983);
*McMillen v. Dettore*, 242 S.E.2d 459 (W. Va. 1978);
FED. JURY PRAC. & INSTR. § 120:51 (6th ed.).

**PLAINTIFFS' REQUEST TO CHARGE NO. 17**

STRICT PRODUCT LIABILITY – WARNING DEFECT – DEFINITION

The Plaintiffs claim that they were harmed by the Obtryx device that Boston Scientific manufactured and sold because the Obtryx's warnings and labeling were defective in it did not warn or did not adequately warn about the Obtryx's risks and benefits.

A product may be found to have a defect because it omitted or provided inadequate warnings. This type of claim covers situations when a product may be safe as designed and manufactured but which then becomes defective because of the failure to warn of dangers which may be present when the product is used in a particular manner.[1]

---

[1] *Wilkinson v. Duff*, 575 S.E.2d 335 (W. Va. 2002);
*Ilosky v. Michelin Tire Corp.*, 307 S.E.2d 603 (W. Va. 1983);
*Morningstar v. Black & Decker Mfg. Co.*, 253 S.E.2d 666 (W. Va. 1979).

**PLAINTIFFS' REQUEST TO CHARGE NO. 18**

**STRICT PRODUCT LIABILITY – WARNING DEFECT – DUTIES**

In West Virginia, manufacturers of products, like Boston Scientific, have a duty to warn consumers, like Plaintiffs, of risks presented by the product's intended use and other reasonably foreseeable uses or misuses. Boston Scientific has a duty to warn the Plaintiffs directly in West Virginia. That means Boston Scientific cannot satisfy its duty to warn merely by providing warnings to the Plaintiffs' implanting physicians. Rather, Boston Scientific can only satisfy its duty to warn by providing adequate warnings directly to the Plaintiffs.

A manufacturer has a duty to give reasonable warnings and instructions as to dangers inherent or reasonably foreseeable in its use. This duty applies even though the product may not be used in its specified manner, so long as such use is one that the manufacturer should reasonably foresee.

Where the manufacturer or seller of a product has reason to anticipate a danger may result from particular use, then the manufacturer or seller is required to give adequate warning of the danger, and a product sold without such warnings is in a defective condition.[1]

---

[1] *Johnson & Johnson Corp. v. Karl*, 647 S.E.2d 899 (W. Va. 2007);
  *Ilosky v. Michelin Tire Corp.*, 307 S.E.2d 603 (W. Va. 1983);
  *Morningstar v. Black & Decker Mfg. Co.*, 253 S.E.2d 666 (W. Va. 1979).

## PLAINTIFFS' REQUEST TO CHARGE NO. 19

### STRICT PRODUCT LIABILITY – WARNING DEFECT

In order to prove this claim, the Plaintiffs must prove the following four elements by a preponderance of the evidence:

(1)    Boston Scientific either failed to warn or failed to adequately warn the Plaintiffs of the risks that the Obtryx could cause;

(2)    the absent or inadequate warning rendered the Obtryx not reasonably safe for its intended use;

(3)    the absent or inadequate warning was a proximate cause of the Plaintiffs' injuries; and

(4)    the Obtryx caused the Plaintiffs' damages.

In order to be adequate, the Obtryx warnings must have included the known or knowable risks and hazards associated with all foreseeable uses of the Obtryx device. In other words, a product warning is inadequate if the manufacturer fails to warn of a particular risk that is known or knowable to the manufacturer at the time of manufacture and distribution. In addition, to be adequate, the Obtryx's warnings must have been reasonably calculated to reach the Plaintiffs.

In determining whether an absent or inadequate warning rendered the Obtryx not "reasonably safe," the Obtryx is to be tested against what the reasonably prudent manufacturer would accomplish in regard to the safety of the Obtryx. You must decide whether Boston Scientific's efforts to warn of the Obtryx's dangers and risks were adequate. In making this determination, you must consider the general state of the art of the manufacturing process, including labels and warnings, as it relates to the economic costs, at the time the Obtryx was made.[1]

---

[1] *Johnson & Johnson Corp. v. Karl*, 647 S.E.2d 899 (W. Va. 2007);
*Wilkinson v. Duff*, 575 S.E.2d 335 (W. Va. 2002);
*Ilosky v. Michelin Tire Corp.*, 307 S.E.2d 603 (W. Va. 1983);

## **PLAINTIFFS' REQUEST TO CHARGE NO. 20**

### STRICT PRODUCT LIABILITY – WARNING DEFECT – PROXIMATE CAUSE

To establish that a warning defect in the Obtryx proximately caused the Plaintiffs' alleged injuries, the Plaintiffs must establish by a preponderance of the evidence that:

(1)     the warnings the Plaintiffs contend should have been provided with the Obtryx would have changed the Plaintiffs' behavior in a manner which would prevented the Plaintiffs from selecting the Obtryx for implantation; and

(2)     If the Obtryx had not been prescribed for implantation, the Plaintiffs would not have suffered their alleged injuries.

If the warnings the Plaintiffs contend should have been provided with the Obtryx would not have changed the Plaintiffs behavior in a manner that would have avoided their injuries, the causal link is broken and the Plaintiffs cannot recover under this claim.[1]

---

*Morningstar v. Black & Decker Mfg. Co.*, 253 S.E.2d 666 (W. Va. 1979).
[1] *Tracy v. Cottrell*, 524 S.E.2d 879 (W. Va. 1999).

27

## PLAINTIFFS' REQUEST TO CHARGE NO. 21

### NEGLIGENCE – WARNING DEFECT

The Plaintiffs claim that they were harmed by the Obtryx device that Boston Scientific manufactured and sold because Boston Scientific was negligent in providing warnings and instructions for the Obtryx. In order to prove this claim, the Plaintiffs must demonstrate the following four elements by a preponderance of the evidence:

(1)     Boston Scientific had a duty to exercise reasonable prudence in warning users of any dangers or risks known or reasonably knowable to Boston Scientific to be associated with the foreseeable use of the Obtryx;

(2)     Boston Scientific breached that duty;

(3)     the failure to reasonably warn of the dangers or risks was a proximate cause of the Plaintiffs' injuries; and

(4)     the Obtryx caused the Plaintiffs' damages.

You need not be concerned with make a finding as to the first element because the court has determined as a matter of law that the duty exists. You must, however, make a determination as to the remaining three elements, including whether Boston Scientific breach the duty I just mentioned. With respect to the nature of the warnings, they must have been reasonably calculated to reach the plaintiff.[1]

---

[1] *Ilosky v. Michelin Tire Corp.*, 307 S.E.2d 603, 613 (W. Va. 1983);
*Morningstar v. Black & Decker Mfg. Co.*, 253 S.E.2d 666 (W. Va. 1979);
*McMillen v. Dettore*, 242 S.E.2d 459 (W. Va. 1978).

## PLAINTIFFS' REQUEST TO CHARGE NO. 22

### NEGLIGENCE – WARNING DEFECT – PROXIMATE CAUSE

To establish proximate cause in the Plaintiffs' negligence claims, the Plaintiffs' must establish that Boston Scientific's negligent conduct in failing to provide or providing inadequate warnings about the Obtryx risks proximately caused the Plaintiffs' alleged injuries. In contrast to the proximate cause determination in the Plaintiffs' strict liability claims that asks you to decide whether an alleged warning defect proximately caused the Plaintiffs' injury, the negligence determination asks you to decide whether Boston Scientific's negligent conduct, if any, proximately caused the Plaintiffs' injuries.[1]

---

[1] *White v. Dow Chemical Co.*, No. 2:05-cv-00247, 2007 WL 6948824 (S.D.W. Va. Nov. 29, 2007);
*Mueller v. American Elec. Power Energy Services, Inc.*, 589 S.E.2d 532 (W. Va. 2003);
*Aikens v. Debow*, 541 S.E.2d 576 (W. Va. 2000);
*Wiseman v. Terry*, 163 S.E. 425 (W. Va. 1979).

## PLAINTIFFS' REQUEST TO CHARGE NO. 23

### NEGLIGENCE

The Plaintiffs allege negligence claims against Boston Scientific that are not tied to a specific defect in the Obtryx. Rather, these claims focus on Boston Scientific's failure to exercise ordinary care in the development, design, testing, sale and warnings of the Obtryx device. This is a negligence claim.

In order to prove this claim, the Plaintiffs must demonstrate the following four elements by a preponderance of the evidence:

(1)     Boston Scientific had a duty to exercise ordinary care in the development, design, testing, sale and warnings of the Obtryx to ensure that the Obtryx was reasonably safe for its intended use;

(2)     Boston Scientific breached that duty by failing to exercise ordinary care;

(3)     the failure to exercise ordinary care in the development, design, testing, sale and warnings of the Obtryx was a proximate cause of the Plaintiffs' injuries; and

(4)     the Obtryx caused the Plaintiffs' damages.

You need not be concerned with the first element because the court has determined as a matter of law that the duty exists. You must, however, make a determination as to the remaining three elements, including whether Boston Scientific breach the duty I just mentioned.

If you find that the level of care Boston Scientific employed in designing, manufacturing, and distributing the Obtryx fell below the level of care that an ordinary medical device manufacturer would employ to ensure the Obtryx was reasonably safe for its intended use, you must find Boston Scientific breach its duty to the Plaintiffs. If you also find that Boston Scientific's breach of its duty proximately caused the Plaintiffs' injuries, then the Plaintiffs are entitled to recover under their negligence claims.[1]

---

[1] *White v. Dow Chemical Co.*, No. 2:05-cv-00247, 2007 WL 6948824 (S.D.W. Va. Nov. 29, 2007);

## PLAINTIFFS' REQUEST TO CHARGE NO. 24

### NEGLIGENCE – TESTING / INSPECTING

The Plaintiffs allege they were harmed as a result of Boston Scientific's failure to test or inspect the Obtryx for dangerous risks.

In West Virginia, the failure of a manufacturer to conduct testing or inspecting on its products can be negligence. In order to prove this claim, the Plaintiffs must establish four elements:

(1)     Boston Scientific had a duty to conduct reasonably necessary inspections or tests on the Obtryx device to ensure the Obtryx was safe for its intended purpose or any other reasonably foreseeable use because Boston Scientific knew or should have known through use of ordinary care that the Obtryx was likely to be dangerous if defective;

(2)     Boston Scientific breached that duty by failing to conduct the reasonably necessary inspections or tests on the Obtryx device;

(3)     the failure to conduct the reasonably necessary inspections or tests on the Obtryx device was a proximate cause of the Plaintiffs' injuries; and

(4)     the Obtryx caused the Plaintiffs' damages.

If you determine the Plaintiffs proved these four elements, then you must find Boston Scientific liable for negligence.[1]

---

Aikens v. Debow, 541 S.E.2d 576 (W. Va. 2000);
Ilosky v. Michelin Tire Corp., 307 S.E.2d 603, 613 (W. Va. 1983);
Morningstar v. Black & Decker Mfg. Co., 253 S.E.2d 666 (W. Va. 1979).
[1] Ilosky v. Michelin Tire Corp., 307 S.E.2d 603, 613 (W. Va. 1983);
Skeen v. C And G Corp., 185 S.E.2d 493 (W. Va. 1971).

## PLAINTIFFS' REQUEST TO CHARGE NO. 25

### COMPENSATORY DAMAGES – GENERAL EXPLANATION

If your verdict is for the Plaintiffs, you should award damages. Damages are given as pay or compensation for injury done. When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that the Plaintiffs are entitled to recover because they have proven a claim against Boston Scientific, you should award to them such sums as you believe are reasonable and just in this case.

You may award damages that you find to have been proven in the following categories:

(1)  any bodily injuries plaintiff sustained and their effect on her health according to their degree and probable duration;

(2)  any physical pain and mental anguish she suffered in the past and any that she may with reasonable certainty be expected to suffer in the future;

(3)  any disfigurement or deformity and any associated humiliation or embarrassment;

(4)  any inconvenience caused in the past and, with reasonable certainty, any that will be caused in the future; and

(5)  any reasonably necessary medical expenses incurred in the past and any that may with reasonable certainty be expected to occur in the future.

There is no rule or measure upon which these damages can be based. The amount of compensation to be awarded for such injuries is left in the law to the sound discretion of the jury as to what is fair and just.[1]

---

[1] *Cook v. Cook*, 607 S.E.2d 459 (W. Va. 2004);
*Flannery v. United States*, 297 S.E.2d 433 (W. Va. 1982);
*Jordan v. Bero*, 210 S.E.2d 618 (W. Va. 1974);
*Richmond v. Campbell*, 136 S.E.2d 877 (W. Va. 1964).

32

## PLAINTIFFS' REQUEST TO CHARGE NO. 26

### COMPENSATORY DAMAGES – FUTURE

Future damages are those sums awarded to an injured party for, among other things: (1) residuals or those future effects of an injury which have reduced the capability of an individual to function as a whole woman; (2) future pain and suffering; (3) loss or impairment of earning capacity; and (4) future medical expenses. In order to recover future damages, the plaintiff must prove by a preponderance of the evidence that (1) she has suffered a permanent injury, and (2) that it is reasonably certain damages will occur as a result of that injury. The Plaintiffs do not have to prove their injuries are permanent in nature or have resulted in permanent impairment to recover future damages. Rather, either the negligently inflicted injury or its direct consequences must be proven to a reasonable degree of certainty to have a lasting, permanent future effect.[1]

---

[1] *Cook v. Cook*, 607 S.E.2d 459 (W. Va. 2004);
 *Flannery v. United States*, 297 S.E.2d 433 (W. Va. 1982);
 *Jordan v. Bero*, 210 S.E.2d 618 (W. Va. 1974).

## PLAINTIFFS' REQUEST TO CHARGE NO. 27

## COMPENSATORY DAMAGES – PHYSICAL PAIN & MENTAL ANGUISH

In assessing damages, the law allows you to award the Plaintiffs a sum that will reasonably compensate them for any past physical pain and mental anguish, as well as pain that is reasonably certain to be suffered in the future as a result of Boston Scientific's actions.

There are no objective guidelines by which you can measure the money equivalent of this element of damages. The only real measuring stick, if it can be so described, is your collective enlightened conscience. You should consider all the evidence bearing on the nature of the injuries, the certainty of future pain, and severity and the likely duration thereof.[1]

---

[1] *Cook v. Cook*, 607 S.E.2d 459 (W. Va. 2004);
 *Flannery v. United States*, 297 S.E.2d 433 (W. Va. 1982);
 *Jordan v. Bero*, 210 S.E.2d 618 (W. Va. 1974).

### PLAINTIFFS' REQUEST TO CHARGE NO. 28

#### COMPENSATORY DAMAGES – LOSS OF CONSORTIUM

If you find for the Plaintiffs on the questions of liability, you may, in considering damages, award an amount that will compensate the Plaintiffs for any loss of consortium which the evidence establishes was suffered as a direct result of Boston Scientific's actions.

With respect to a husband and wife, "loss of consortium" means more than deprivations of sexual relations. It also includes loss of affection, solace, comfort, companionship, conjugal life, fellowship society and all the assistance that accompanies the martial relationship.

In considering this item of damages, you may consider any evidence relating to the relative life expectancy of the spouses, the stability of the marriage, the extent and nature of the care and companionship bestowed by the Plaintiff's spouse, and the extent to which those benefits have been lost, impaired and will be lost in the future. The Plaintiffs have the burden to present evidence of the loss of consortium and the effect the incident had on the marital relationship.

However, the award for loss of consortium should not include any elements for which Plaintiffs will receive compensation, if any. For example, if your verdict for the Plaintiffs, if any, includes compensation for medical expenses or their other losses, any award to the Plaintiffs for loss of consortium may not include an award for her loss of income from medical expenses.[1]

---

[1] *Lennox v. MacCauley*, 423 S.E.2d 606 (W. Va. 2004);
   *Ellard v. Harvey*, 231 S.E.2d 339 (W. Va. 1976).

## PLAINTIFFS' REQUEST TO CHARGE NO. 29

### PUNITIVE DAMAGES – GENERAL EXPLANATION

In tort actions, there may be aggravating circumstances that may warrant the awarding or imposing of additional damages called punitive damages. Punitive damages serve a different purpose from compensating a person for their injuries. Punitive damages are intended to punish, penalize or deter a defendant for extraordinary wrongdoing and are never awarded for the benefit of the plaintiffs or to compensate them.

Whether or not to award punitive damages is for you to decide in accordance with these instructions and based on the evidence in this case. The fact that I am instructing you about punitive damages is not meant to influence your decision in any way as to whether such an award is appropriate.[1]

---

[1] *Burgess v. Porterfield*, 469 S.E.2d 114 (W. Va. 1996);
 *Garnes v. Fleming Land Fill. Inc.*, 413 S.E.2d 897 (W. Va. 1992).

## PLAINTIFFS' REQUEST TO CHARGE NO. 30

### PUNITIVE DAMAGES – CONDUCT THAT CAN BE CONSIDERED IN DETERMINING WHETHER TO AWARD PUNITIVE DAMAGES

In determining whether to award punitive damages, you must only consider the conduct of Boston Scientific, if any, that you find to have harmed the Plaintiffs in this specific case. You cannot reach a decision on whether to award punitive damages for conduct that did not cause harm to the Plaintiffs.[1]

---

[1] *Perrine v. E.I. du Pont de Nemours and Co.*, 694 S.E.2d 815 (W. Va. 2010).

## PLAINTIFFS' REQUEST TO CHARGE NO. 31

### PUNITIVE DAMAGES – STANDARD

Before you may decide that an award of punitive damages is warranted, you must first find that Boston Scientific's actions showed gross fraud; malice; oppression; wanton, willful, or reckless conduct; or criminal indifference to civil obligations.

"Malice" can be defined in two ways. First, malice can also mean extremely negligent conduct that is likely to cause serious harm. Second, malice means mean-spirited conduct. A defendant engages in mean-spirted conduct if he intentionally commits an act that he knows to be harmful.

"Willful, wanton, or reckless conduct" means an intentional act of an unreasonable character in disregard of a known risk or a risk so obvious that the actor must be aware of it, that is so great as to make it highly probable that harm would follow.

*Preponderance*. The Plaintiffs have the burden of proving that punitive damages are warranted by a preponderance of the evidence.

*Compensatory Requirement*. There can be no recovery of punitive damages unless there is first a recovery of compensatory damages.[1]

---

[1] *Holsten v. Massey*, 490 S.E.2d 864 (W. Va. 1997);
*LaPlaca v. Odeh*, 428 S.E.2d 322 (W. Va. 1993);
*Davis v. Celotex*, 420 S.E.2d 557 (W. Va. 1992);
*TXO Production Corp. v. Alliance Resources Corp.*, 419 S.E.2d 870 (W. Va. 1992);
*Garnes v. Fleming Landfill, Inc.*, 413 S.E.2d 897 (W. Va. 1991);
*Mutafis v. Erie Ins. Exch.*, 328 S.E.2d 675 (W. Va. 1985);
*Ilosky v. Michelin Tire Corp.*, 307 S.E.2d 603, 613 (W. Va. 1983);
*Wells v. Smith*, 297 S.E.2d 872 (W. Va. 1982);
*Mayer v. Frobe*, 22 S.E. 58 (W. Va. 1895).

## PLAINTIFFS' REQUEST TO CHARGE NO. 32

## PUNITIVE DAMAGES – CONDUCT THAT CAN BE CONSIDERED IN DETERMINING AMOUNT TO AWARD

If you find that punitive damages are warranted against Boston Scientific, you must next determine an amount to award in punitive damages. In determining the amount to award, you may consider the following factors:

(1)     Punitive damages should bear a reasonable relationship to the harm that is likely to occur from the defendant's conduct as well as to the harm that actually has occurred. If the defendant's actions caused or would likely cause in a similar situation only slight harm, the damages should be relatively small. If the harm is grievous, the damages should be much greater.

(2)     The jury may consider, the reprehensibility of the defendant's conduct. The jury should take into account how long the defendant continued in his actions, whether he was aware his actions were causing or were likely to cause harm, whether he attempted to conceal or cover up his actions or the harm caused by them, whether/how often the defendant engaged in similar conduct in the past, and whether the defendant made reasonable efforts to make amends by offering a fair and prompt settlement for the actual harm caused once his liability became clear to him.

(3)     If the defendant profited from his wrongful conduct, the punitive damages should remove the profit and should be in excess of the profit, so that the award discourages future bad acts by the defendant.

(4)     As a matter of fundamental fairness, punitive damages should bear a reasonable relationship to compensatory damages.

(5)     The financial position and net worth of the defendant is relevant.

In determining an amount to award, you may consider evidence of actual harm to non-parties, but only if the harm to non-parties was caused by the same conduct that allegedly harmed the Plaintiffs.[1]

---

[1] *Perrine v. E.I. du Pont de Nemours and Co.*, 694 S.E.2d 815 (W. Va. 2010);
*Wheeler v. Murphy*, 452 S.E.2d 416 (W. Va. 1994);
*Garnes v. Fleming Landfill, Inc.*, 413 S.E.2d 897 (W. Va. 1991);
*TXO Production Corp. v. Alliance Resources Corp.*, 419 S.E.2d 870 (W. Va. 1992).

## C.     CLOSING INSTRUCTIONS

### PLAINTIFFS' REQUEST TO CHARGE NO. 33

<u>FOREPERSON</u>

When you retire to the jury room, first select a person to act as foreperson. The foreperson will preside over your deliberations and will be your spokesperson in Court.[1]

---

[1] Final Instructions, *Cisson v. C.R. Bard, Inc.*, No. 2:11-cv-00195 (S.D.W. Va. Aug. 14, 2013), ECF No. 399.

## **PLAINTIFFS' REQUEST TO CHARGE NO. 34**

### <u>UNANIMITY</u>

All jurors must agree on a verdict. Your verdict must be unanimous.[1]

---

[1] Final Instructions, *Cisson v. C.R. Bard, Inc.*, No. 2:11-cv-00195 (S.D.W. Va. Aug. 14, 2013), ECF No. 399.

## PLAINTIFFS' REQUEST TO CHARGE NO. 35

### DELIBERATION PROCESS

You must consult with one another and deliberate with the intention of reaching agreement – if you can do so without violence to your individual judgment. During your deliberations, do not hesitate to reexamine your own views or to change your opinion. But do not surrender your views or opinions just to reach a verdict.[1]

---

[1] Final Instructions, *Cisson v. C.R. Bard, Inc.*, No. 2:11-cv-00195 (S.D.W. Va. Aug. 14, 2013), ECF No. 399.

## PLAINTIFFS' REQUEST TO CHARGE NO. 36

## VERDICT FORMS

I have prepared a verdict form for you. When you have reached a unanimous verdict, your foreperson should fill in, date, and sign the verdict form. Let the court security officer know when you have reached a unanimous verdict.[1]

---

[1] Final Instructions, *Cisson v. C.R. Bard, Inc.*, No. 2:11-cv-00195 (S.D.W. Va. Aug. 14, 2013), ECF No. 399.

43

## PLAINTIFFS' REQUEST TO CHARGE NO. 37

### COMMUNICATION WITH THE COURT

At some point, you may want to take a break or recess for the day. If you need to communicate with me about this or any other matter, you may send a note through the court security officer. If you do need to send me a note, please do not reveal to me or any other person how the jury stands on the question of liability.[1]

---

[1] Final Instructions, *Cisson v. C.R. Bard, Inc.*, No. 2:11-cv-00195 (S.D.W. Va. Aug. 14, 2013), ECF No. 399.

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2014, I electronically filed the foregoing Plaintiffs'
Requests to Charge with the Clerk of the Court using the CM/ECF system which will send
notification of such filing to the CM/ECF participants registered to receive service in this MDL.

By: /s/ *Clayton A. Clark*
    Clayton A. Clark
    Co-Lead Counsel for Plaintiffs in
    MDL No. 2326
    cclark@triallawfirm.com

CLARK, LOVE & HUTSON, G.P.
440 Louisiana St., Ste. 1600
Houston, Texas 77002
Telephone (713) 757-1400
Facsimile (713) 759-1217